

**FILED**
**Feb 07, 2020**
**01:35 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tracie Hardy | ) Docket No.     2019-08-0120 |
| | ) |
| v. | ) State File No.  7237-2019 |
| | ) |
| Hershey Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Affirmed and Remanded

---

The employee filed a petition for benefits alleging she was diagnosed with chronic obstructive pulmonary disease ("COPD") while working for the employer. Following an expedited hearing, the trial court denied the employee's request for benefits. The employer subsequently filed a motion for summary judgment. Concluding the employer affirmatively negated an essential element of the employee's claim based upon the doctrines of accord and satisfaction and res judicata, the trial court granted summary judgment and dismissed the employee's claim. The employee has appealed, but failed to identify any issues or make any meaningful argument on appeal. We affirm the trial court's grant of summary judgment in favor of the employer and certify as final its order dismissing the employee's claim.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Tracie Hardy, Memphis, Tennessee, employee-appellant, pro se

Stephen Miller and Matthew Macaw, Memphis, Tennessee, for the employer-appellee, Hershey Co.

1

**Memorandum Opinion[1]**

On January 30, 2019, Tracie Hardy ("Employee") filed a petition for benefits alleging she was diagnosed with work-related COPD on September 7, 2016, while in the employment of Hershey Co. ("Employer"). Employer denied the claim, asserting defenses of accord and satisfaction, res judicata, the running of the statute of limitations, and the lack of any proof establishing medical causation. Employee filed a request for the trial court to issue a decision on the record, but Employer objected and requested an evidentiary hearing. The trial court granted Employer's request and conducted an in-person hearing on June 7, 2019, after which it issued an order denying Employee's claim for benefits.

In the order denying benefits, the trial court recounted the procedural history of Employee's claims for workers' compensation benefits, noting that in May 2017, the court had approved a settlement of Employee's claim for workers' compensation benefits based upon an alleged injury date of October 2, 2016. The trial court's order stated that Employee had "entered into a doubtful and disputed settlement for $6,000 for her 'asthma and/or pulmonary problems,'" adding that, as support for the 2017 settlement, Employee's counsel attached a causation letter from Employee's pulmonologist diagnosing Employee with COPD on October 4, 2016, and indicating that Employee's COPD did not arise primarily out of and in the course and scope of her employment.

Further addressing the May 2017 settlement, the court's June 2019 order stated that Employee "reached a compromise settlement of her doubtful and disputed claim that was in her best interest" and that Employer "then tendered to [Employee] a $6,000 check 'as satisfaction and extinction' of her claim for workers' compensation benefits." Noting that Employee was a self-represented litigant, the court stated that she "filed a second Petition for Benefit Determination seeking benefits from [Employer] for COPD but alleging an injury date of September 7, 2016." The trial court determined that Employee was not likely to prevail at trial based on Employer's defense of accord and satisfaction, and that Employer offered sufficient evidence to establish that Employee's claim is also barred by the doctrine of res judicata.[2]

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Prior to the expedited hearing, Employee filed a motion for summary judgment that the trial court considered and denied subsequent to its issuance of the June 2019 expedited hearing order. In its July 2019 order denying Employee's motion, the trial court concluded that Employee's motion did not comply with the requirements of Rule 56 of the Tennessee Rules of Civil Procedure, as Employee failed to file a statement of allegedly undisputed facts and submitted no proof demonstrating she was entitled to judgment as a matter of law.

Employer subsequently filed a motion for summary judgment that was accompanied by thirteen separate numbered statements of fact that Employer asserted were material, undisputed, and supported by citations to the record. Employer's statement of undisputed facts included the following:

1. Employee filed a "Petition for Benefit Determination Settlement Approval Only" concerning an alleged October 2, 2016 injury;
2. Employee alleged in the petition that she suffered asthma and pulmonary problems caused by her employment;
3. Employee was represented by counsel at the time of the filing of her petition; and
4. Employee was diagnosed with COPD by Dr. Suzette Panton in 2016.

Additionally, Employer's statement of undisputed facts alleged that the attorney representing Employee at the time of the earlier settlement had written Dr. Panton to inquire whether Employee's diagnosis of COPD arose primarily out of and in the course and scope of her employment and that Dr. Panton had responded "no." Further, the statements alleged that, based upon Dr. Panton's medical opinion, Employee and Employer entered into a settlement of Employee's workers' compensation claim on a "doubtful and disputed" basis for $6,000.

Employer's statements further asserted that the trial court approved the settlement on May 18, 2017, and entered an "Order Approving Workers' Compensation Settlement Agreement" in which the court found that Employee had "reached a compromise settlement of this doubtful and disputed claim." The statements also asserted that Employer tendered the settlement funds to Employee "as satisfaction and extinction of [Employee's] claim for workers' compensation benefits," and that Employee contemporaneously executed a "Release of Workers' Compensation Claims, and therein, [Employee] released and waived all claims against [Employer] for workers' compensation benefits relative to her COPD and asthma conditions." Finally, Employer's statements asserted that Employee filed a second petition for benefits on January 30, 2019, in which Employee contended that her diagnosis of COPD "is work-related," and that the date of injury was September 7, 2016.

Employer filed contemporaneously with its motion for summary judgment a January 11, 2019 letter purportedly signed by Employee's primary care provider, nurse practitioner Bridget Brady. The letter, bearing a signature purporting to be that of "Dr. Bridget Brady," indicated that Employee's COPD arose primarily out of and in the course and scope of her employment and that Employee "has suffered a 100% permanent impairment to the body as a whole." By contrast, Employer also submitted an affidavit of Ms. Brady in which she stated that she did not sign the letter in question and had never seen the letter before it was presented to her when she signed her affidavit. Addressing the signature on the letter, the affidavit stated the letter "indicates 'Dr. Bridget Brady'

3

immediately above the signature and I am <u>not</u> a medical doctor of any kind." (Underlining in original.) By including these materials with its motion, Employer apparently sought to imply that Ms. Brady's signature on the letter had been forged.

Employee filed a response to Employer's motion in which she alleged that she "set forth affirmative evidence establishing the Employer failed to comply with Tennessee Workers' Compensation policies and procedures." The response stated that Employee "has proven that her injury arose from her employment and has further demonstrated that Employer[']s evidence is insufficient and inaccurate." The response consisted of Employee's narrative concerning her work history, her diagnosis of COPD, the prior settlement, allegations concerning her current and previous claims, and allegations concerning her communications with Employer's attorney that Employee said resulted in her having to make a statement to the Memphis police regarding the validity of the letter purportedly signed by "Dr. Bridget Brady." There were no citations or references to the record for many of the allegations in Employee's narrative paragraphs. Employee did, however, reference parts of the transcript of the expedited hearing that she claimed included incorrect information, and she referenced several documents in the record that she contended had incorrect or missing information. Importantly, Employee did not reference the thirteen statements that Employer alleged to be undisputed and material to its summary judgment motion.

Prior to the trial court's ruling on Employer's motion for summary judgment, Employee filed another document in which she made allegations and arguments that she asserted supported her position that the court should deny Employer's motion. The document referenced several exhibits that were introduced at the expedited hearing as well as documents that the trial court did not admit into evidence at the hearing.

After considering Employer's motion for summary judgment, the trial court concluded that Employer affirmatively negated an essential element of Employee's claim "because the doctrines of accord and satisfaction and res judicata bar [Employee's] cause of action." The court further concluded that Employee "produced no material facts with citations to the record to lead the Court to find in her favor" and granted summary judgment to Employer. Employee has appealed.

Although Employee timely filed a notice of appeal, she failed to identify any issues for review in her notice of appeal, stating instead that she "prays that the [A]ppeals [B]oard fairly approves her claim based off [sic] facts." The notice of appeal further stated that Employee "received COPD while being employed at [Employer], however [Employer] placed [her] on short term disability." Finally, the notice of appeal stated that Employee would "like all past [and] present compensation [and] medical care."

Rather than filing a brief on appeal, Employee filed a document styled "Motion for Intentional Tort Summary Judgment with Valid Facts and Conclusions," which was

4

addressed to the Court of Workers' Compensation Claims.[3]  Employee asserted in the document that Employer willfully and intentionally failed to provide her reasonable and necessary medical treatment and concluded "this Court should grant the Motion for Summary Judgment with prejudice."  The document presents legal arguments and conclusions not pertinent to the trial court's grant of summary judgment and fails to identify any alleged errors made by the trial court or to present any meaningful argument in support of her appeal.  It is not our role to search the record for possible errors or to formulate legal arguments in Employee's favor where she has provided no meaningful argument or authority to support her position.  *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).  Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits.  *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Accordingly, we affirm the trial court's order granting summary judgment to Employer and certify as final the trial court's order dismissing Employee's claim.  Costs on appeal are taxed to Employee.

---

[3] We chose to treat the filing as Employee's brief on appeal, as she filed no other document presenting issues for review or specifying how the trial court erred in granting summary judgment to Employer.



| | | |
|---|---|---|
| Tracie Hardy | ) | Docket No. 2019-08-0120 |
| | ) | |
| v. | ) | State File No. 7237-2019 |
| | ) | |
| Hershey Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of February, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tracie Hardy | | X | | X | traciehardy49@gmail.com<br>5264 Millbranch Rd.<br>Memphis, TN 38116 |
| Matthew Macaw<br>Stephen Miller | | | | X | mmacaw@mckuhn.com<br>smiller@mckuhn.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov